IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                   CIV 05-0691 JC/KBM
                                                      CR 04-1330 JC

ISRAEL CARDONA-NAVARRO,

    Defendant-Movant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Defendant initiated this action with two bare-bones pleadings that, taken together, provide the basis for his request for habeas relief under § 2255. *See Docs. 1, 3.* Construed liberally, he asserts that the enhancement[1] to his Guideline base level for a prior conviction was contrary to the Supreme Court decisions in *Booker* and *Shepard*. He also claims that his attorney was ineffective because of the alleged *Booker/Shepard* violation.[2]

I have considered the arguments, the presentence report and relevant law. For the reasons set forth in the United States' thorough response, which I incorporate by reference in its

---

[1] Defendant claims he received a 16-level enhancement, but as the United States observed in its response, he received a 12-level enhancement for a prior drug trafficking offense. *See Presentence Report,* ¶ 14; *Doc. 5* at 2, 4.

[2] His ineffective assistance of counsel claim appears linked to his *Booker/Shepard* claims because Defendant asserts there "Sixth Amendment right violated," *Doc. 3* at 6, and then goes on to assert that the enhancement violated the Sixth Amendment under *Booker/Shepard, id.* at 7. It is also quite possible that he mentioned ineffective assistance of counsel in his second pleading because he waived his right to file a § 2255 petition unless it was based on ineffectiveness. *See United States v. Cardona-Navarro,* CR 04-1330 JC (*Doc. 13,* Plea Agreement at ¶ 9: "defendant agrees to waive any collateral attack to his/her conviction pursuant to 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.").

entirety, *see Doc. 5,* I find the motion is not well-taken and recommend that it be denied. In short, Defendant's conviction was final before *Booker* was decided and, therefore, the decision does not apply retroactively in this habeas proceeding. Alternatively, the *Booker* and *Shepard* holdings are inapplicable here. Thus, there is no basis for finding counsel ineffective.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Defendant's § 2255 petition be dismissed.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten day-period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE